PJG Consent SSA (Rev 09/10/21)                                                                                          Edwards, Bertha E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bertha E. Edwards, ) | C/A No. 0:21-389-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

     This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI"): Plaintiff's age at filing:

☒    Disability Insurance Benefits ("DIB"): Date last insured: December 31, 2019

☐    Other:

Application date: November 16, 2018

Plaintiff's Year of Birth: 1958

Plaintiff's alleged onset date: October 17, 2013

**Part II—Social Security Disability Generally**

     Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

     A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: August 17, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1: Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes ☒ No

Step 2: ☒ Plaintiff has the following severe impairments:

Diabetes Mellitus, Chronic Heart Failure, status post Pacemaker Implantation, Obesity, Degenerative Disc Disease, Degenerative Joint Disease of the Right Shoulder, Arthritis of the Right Shoulder, Rheumatoid Arthritis (20 CFR 404.1520(c)).

☐ Plaintiff does not have a severe impairment.

Step 3: ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Plaintiff's Residual Functional Capacity is as follows:

[T]hrough the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only lift, carry, push and pull ten pounds occasionally and less than ten pounds frequently, during an eight[-]hour work day the claimant can sit for six hours, stand and walk for two. The claimant can: operate hand controls on a bilateral basis frequently; only occasionally push and pull with her right upper extremity within the assigned exertional level; occasionally reach overhead to the left, and occasionally reach overhead to the right. For all other reaching, she can reach frequently to the left, and can reach frequently to the right. She can handle items frequently with the left hand, and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand, and has fingering limitations frequently with the right hand. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, never crawl. The claimant can never work at unprotected heights; the claimant must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants, as well as extremes of heat. The claimant must avoid concentrated exposure to tools and work processes that would expose the claimant's upper extremities on a concentrated basis to vibration. The claimant requires a sit/stand option, defined as a brief postural change at or near the work station, no more the frequent than up to twice in an hour and lasting no more than five minutes each. Any time off task needs can be accommodated by ordinary breaks.

☒ Plaintiff could return to his/her past relevant work as an auditor and as a grant coordinator, as they were generally performed.

Step 5: ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Alternatively, in addition to Plaintiff's past relevant work, there are jobs in the national economy that Plaintiff can perform, as follows:

Receptionist, DOT #237.367-038, sedentary, SVP 4, approximately 507,000 existing jobs in the national economy; and
Information Clerk, DOT #237.367-022, sedentary, SVP 4, approximately 240,000 existing jobs in the national economy.

Date of Appeals Council decision: December 11, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issues for Judicial Review

I. The ALJ committed reversible error in failing to find that dizziness was a severe impairment and in failing to make any findings about how this impairment affected the Ms. Edwards' ability to perform skilled work.

II. In evaluating Ms. Edwards' ability to sit the ALJ did not properly evaluate the medical evidence of record, including the medical opinion evidence, and failed to build a logical bridge between the evidence and his RFC findings.

III. The ALJ correctly found that obesity was a severe impairment but committed reversible error by failing to assess any functional limitations in the ability to perform prolonged sitting.

IV. The ALJ's finding that Ms. Edwards' work skills were transferable to the sedentary jobs of receptionist and information clerk was based on inadequate VE testimony and was not supported by substantial evidence.

(Pl.'s Br., ECF No. 28 at 1-2.)

**Oral Argument:**

 ☐ **Held on** _____.

 ☒ **Not necessary for disposition.**

**Summary of Reasons**

 Plaintiff raises numerous issues for this judicial review; however, upon careful examination of the arguments presented, the ALJ's decision, and the record in this matter, the court is constrained to find that remand is warranted for further consideration of Plaintiff's allegations of dizziness and its possible impact on her residual functional capacity assessment.

 The ALJ provided a thorough and detailed evaluation of Plaintiff's allegations of disabling limitations. Nonetheless, he failed to address or mention Plaintiff's allegations of dizziness, whether as a separate impairment, a symptom of one of her impairments, or as a side effect from Plaintiff's medications. The records reveals that in Plaintiff's disability application she listed dizziness as one of her alleged disabling impairments (Tr. 269, 302). Additionally, in her submitted function reports, Plaintiff indicated that she becomes dizzy when bending or walking up a flight of stairs (Tr. 282, 287), that several of her medications cause dizziness as a side effect (Tr. 289, 330, 344), and that dizziness may impact her ability to travel to the store (Tr. 335). Medical records further reflect reports of dizziness. (See Tr. 1111 (January 14, 2015, seeking consultation from Southeast Cardiology, in part for dizziness); Tr. 1040 (April 18, 2019, Plaintiff reported that "she gets dizzy occasionally, but this is chronic"); Tr. 1204 (November 14, 2019, during her follow-up for diabetes, Plaintiff complained of a lightheaded feeling four to five times per day and stated it had been going on for over a year but was occurring frequently over the previous three months); Tr. 1225-35 (January and February 2020, Plaintiff reported dizziness and lightheadedness to her cardiologist); Tr. 1268 (June 16, 2020, Plaintiff reported that she believed her blood pressure

medication was too strong and making her dizzy)).  During the hearing, Plaintiff also testified that her medications cause her to experience dizziness and agreed that the side effects would affect her ability to concentrate and attend work tasks during a normal workday.  (Tr. 87.)  Opinion evidence from her treating provider, Dr. Donald E. Buck also states that Plaintiff suffers from "chronic dizziness from atrial fibrillation, medications, diabetes" with chronic difficulty concentrating and "severe dizziness."  (Tr. 1239) (September 19, 2018).  A second opinion from Dr. Buck indicates that Plaintiff would have a "significant limitation [of 50 percent or more of a workday or workweek] in the ability to concentrate, remain alert, think clearly, or otherwise attend to work tasks to completion during an 8-hour workday as a result of":  dizziness, lightheadedness, and side effect of prescription medication.  (Tr. 1318) (July 7, 2020).

    The Commissioner correctly points out that the omission of an impairment at Step Two can be harmless if the ALJ finds that benefits should not be denied at Step Two and considers the condition at issue in the subsequent steps.  See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (adopting Report and Recommendation that included a collection of cases and finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").  However, in this case, the court cannot find any error to be harmless as the ALJ does not mention or acknowledge Plaintiff's allegations of dizziness or lightheadedness in the decision.  Moreover, the court is not persuaded by the Commissioner's arguments that the ALJ considered the underlying conditions that would cause Plaintiff's dizziness—her diabetes and chronic heart failure—and that accommodation to

sedentary work with additional exertional limitations was sufficient. Finally, as to Dr. Buck's opinions, the court observes that the ALJ does not mention or cite the first opinion offered by Dr. Buck, although the court acknowledges that the opinion is in support of Plaintiff's application to discharge her student loan debt. Moreover, while the ALJ found Dr. Buck's second opinion not persuasive, he did not mention Dr. Buck's findings regarding dizziness, nor the treatment records reflecting the same.

Accordingly, while the ALJ's decision is quite comprehensive, the court cannot find his omission of this alleged impairment or symptom to be harmless and finds that that meaningful review is frustrated. See, e.g., Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when courts are let to guess at how the ALJ arrived at the conclusion and meaningful review is frustrated); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted). Therefore, the court is constrained to remand this matter for further consideration of Plaintiff's dizziness and lightheadedness. See Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand. See Boone v.

Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present her remaining arguments on remand.

## ORDER

**It is hereby ORDERED that the Commissioner's decision is:**

☐    **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒    **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐    **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
February 23, 2022            Paige J. Gossett
Columbia, South Carolina     UNITED STATES MAGISTRATE JUDGE